1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT
10                    EASTERN DISTRICT OF CALIFORNIA
11                            ----oo0oo----
12
13  SUNSTONE BEHAVIORAL HEALTH,
    INC.,
14                                        NO. CIV. S-06-2664 FCD DAD
              Plaintiff,
15
         v.                               MEMORANDUM AND ORDER
16
    ALAMEDA COUNTY MEDICAL CENTER,
17
              Defendant.
18
19                            ----oo0oo----
20       This matter comes before the court on defendant Alameda
21  County Medical Center's ("ACMC") motion to dismiss plaintiff
22  Sunstone Behavioral Health, Inc.'s ("Sunstone") complaint
23  pursuant to Rule 12(b)(6) of the Federal Rules of Civil
24  Procedure.  For the reasons set forth below,[1] defendant's motion
25  is DENIED.
26
27
         [1]   Because oral argument will not be of material
28  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. Local Rule 78-230(h).

**BACKGROUND[2]**

Plaintiff Sunstone establishes, operates, and manages programs that provide mental health services to treat psychiatric disorders. (1st Am. Compl. ("FAC"), filed Feb. 14, 2007, ¶ 3). Defendant ACMA operates general acute care hospitals with outpatient psychiatric programs in San Leandro and Oakland, California. (Id. ¶ 4). On or about August 3, 2004, Sunstone and ACMC entered into a written outpatient psychiatric consulting contract for the San Leandro and Oakland locations (the "Agreement"). (Id. ¶ 5). The Agreement is for a thirty-six month term beginning on August 3, 2004, and expiring on August 2, 2007. (Id. ¶ 6). Under the terms of the Agreement, Sunstone and ACMC agreed to maintain operation of the Behavioral Health Programs at the San Leandro and Oakland locations to provide professional services to patients suffering from emotional problems and psychiatric disorders. (Id. ¶ 7). As part of the Agreement, Sunstone agreed to provide ACMC with a Program Director. (Id.)

On or about February 21, 2006, ACMC notified Sunstone that it had realized that its expenditures had become greater than its income, and therefore, wanted Sunstone to agree to end the consulting Agreement in an effort to meet its cost containment goal. (Id. ¶ 8). However, the Agreement provided that it may be terminated upon material breach by the other party, only after giving notice and the opportunity to cure. (Id. ¶ 9). On or about February 27, 2006, Sunstone reminded ACMC that the

---

[2] The facts of this case are taken from plaintiff's allegations in the complaint.

Agreement expired August 2, 2007, and contained no provision authorizing termination without cause.  (Id. ¶ 10).

Subsequently, on or about April 25, 2006, Sunstone received information that its Program Director for the San Leandro location had engaged in unacceptable conduct which required his termination.  (Id. ¶ 11).  The Program Director was terminated on May 3, 2006, and Sunstone immediately began a search for a new Program Director.  (Id.)  On May 5, 2006, ACMC notified Sunstone that it was in material breach of the Agreement due to the departure of its Program Director, and that it intended to terminate the agreement within 30 days.  (Id. ¶ 12).  On or about May 18, 2006, Sunstone informed ACMC that it was immediately placing a Temporary Program Director at the San Leandro location and was in the process of locating a new Program Director.  (Id. ¶ 14).  On or about May 26, 2006, ACMC informed Sunstone that it was terminating the Agreement effective June 9, 2006.  (Id. ¶ 15).

Sunstone alleges that the true reason for ACMC's termination of the Agreement was the financial situation it faced, not plaintiff's failure to provide a replacement Program Director.  (Id. ¶ 16).  Sunstone also alleges that it complied with all terms of the Agreement by immediately beginning a search for a new Program Director and putting a Temporary Program Director in place in the interim.  (Id. ¶ 19).  Sunstone contends that by attempting to prematurely terminate the Agreement and frustrating Sunstone's performance of the Agreement, ACMC is in breach of the Agreement and its duty of good faith and fair dealing.  (Id. ¶ 20).

3

Sunstone alleges that it provided notice of its claims to ACMC under the California Government Claims Act on or about June 7, 2006, October 3, 2006, and November 16, 2006.  (Id. ¶ 22). Plaintiff attached a true and correct copy of the claim against ACMC as Exhibit A to the First Amended Complaint.  This claim is dated November 16, 2006.  Plaintiff further alleges that it was not required to provide notice to ACMC under the California Government Claims Act because ACMC failed to file a statement with the California Secretary of State's Roster of Public Agencies as required under the Act.  (Id. ¶ 22).

On November 22, 2006, plaintiff filed its Complaint for damages in this court for breach of contract and breach of the implied covenant of good faith and fair dealing.  Plaintiff filed its First Amended Complaint on February 14, 2007.[3]  On March 6, 2007, defendant filed a motion to dismiss the First Amended Complaint (1) for failure to comply with the California Government Claims Act; and (2) for failure to state a claim upon which relief can be granted.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v.

---

[3] Defendant filed a motion to dismiss plaintiff's complaint on December 28, 2006.  (Mot. to Dismiss, Docket # 8, filed Dec. 28, 2006).  Defendant subsequently withdrew the motion in light of plaintiff's filing of a First Amended Complaint. (Notice, Docket # 14, filed Mar. 1, 2007).

4

Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Calif., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).[4]

---

[4]   Both parties have filed declarations and exhibits in support of their filings.  Where matters outside the pleading are presented to and not excluded by the court, the motion to dismiss is treated as one for summary judgment pursuant to Rule 56.  Fed.
(continued...)

**ANALYSIS**

**A.   California Government Claims Act**

Defendant alleges that plaintiff's claims should be dismissed because the complaint fails to plead compliance with the California Government Claims Act ("CGCA").  In order to state a claim against a public entity, the CGCA requires the timely presentation of a written claim in whole or in part.  Cal. Gov't Code § 900 et seq. (West 2007).  Plaintiff must present claims to the government entity for money or damages with few exceptions. Cal. Gov't Code § 905 (West 2007).  Plaintiff does not dispute that the CGCA would apply to its claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  Moreover, under § 945.4,

---

[4](...continued)
R. Civ. Proc. 12(b).  The court has discretion to accept or reject such evidence, but conversion of a motion to dismiss into a motion for summary judgment is generally disfavored in the early stages of litigation.  See Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 476 (1st Cir. 2000).  Therefore, the court will not consider any extrinsic evidence in support of the motion to dismiss and does not convert this filing into a motion for summary judgment.

Defendant also asks the court to consider the Agreement, which it attached to its Motion to Dismiss.  This document was referred to in plaintiff's First Amended Complaint, but not attached to it.  The Ninth Circuit has held that documents not attached to the complaint, but "whose contents are alleged in . . . [the] complaint and whose authenticity no party questions" are part of the complaint, such that the court may also consider them in ruling on a motion to dismiss.  Blanch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Plaintiff's claims are founded on the alleged breach of this Agreement, and it did not dispute the authenticity of this document in its opposition.  Therefore, the court will consider the Agreement as part of plaintiff's First Amended Complaint for the purposes of this motion.

6

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Cal. Gov't Code § 945.4 (West 2007). Pursuant to § 912.4, the board shall act on a claim within 45 days after it has been presented. Cal. Gov't Code § 912.4 (West 2007). If the board fails or refuses to act upon the claim within those 45 days, the claim is deemed rejected by the board. Id.

Plaintiff has the burden of pleading compliance with the CGCA in their complaint. Wood v. Riverside General Hospital, 25 Cal. App. 4th 1113, 1119 (1994). Moreover, compliance with the California claims statutes is mandatory. City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974). Federal courts have recognized these requirements. See Ortega v. O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other grounds, 107 S. Ct. 1492 (1987) (failure to comply with claim-filing requirements imposed by California Tort Claims Act bars pendent state claims).

Defendant argues that plaintiff's claims are barred because the board had not acted upon plaintiff's written claim submitted on November 16, 2006, nor had 45 days passed before plaintiff filed its complaint in this court. Plaintiff contends that it was not required to comply with the CGCA because defendant ACMC failed to comply with the listing requirement under § 946.4 of the California Government Code.

Section 946.4 provides that

7

>     the failure to present a claim does not constitute a
>     bar or defense to the maintenance of a suit against
>     such public agency if, during the 70 days immediately
>     following the accrual of the cause of action . . . [n]o
>     statement pertaining to the public agency is on file .
>     . . in the Roster of Public Agencies in the office of
>     the Secretary of State . . . as required by Section
>     53051.

Cal. Gov't Code § 946.4 (West 2007).  Therefore, a plaintiff is excused from compliance with the CGCA if the public agency has not registered with the Secretary of State and provided certain information, including the full, legal name of the public agency and the official mailing address of the governing body of the public agency.  Cal. Gov't Code § 53051 (West 2007).  The exception set forth in § 946.4 contains no requirement of a showing of actual deception or confusion.  Wilson v. San Francisco Redevelopment Agency, 19 Cal. 3d 555, 562 (1977).  Rather, the California Supreme Court has held that a fair reading of § 946.4 "suggests that the agency's failure to comply with section 53051 entitles the claimant to ignore the claim-filing requirement entirely."  Id. at 561.  The public agency bears the burden of proof on any issue of fact regarding whether it has complied with the filing requirements set forth in § 53051.  Cal. Gov't Code § 946.4(b).

    Sunstone alleges in its First Amended Complaint that defendant ACMC failed to register with the California Secretary of State as required under the CGCA, and that therefore, no notice was required under the CGCA.  (FAC ¶ 22).  As such, plaintiff has alleged facts excusing compliance with the claim presentation requirement.  Cf. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004).

8

In response, defendant ACMC requests that the court take judicial notice of the fact that ACMC is registered with the California Secretary of State pursuant to § 53050 and that it is listed on the California Roster of Public Agencies.  (Def.'s Mot. to Dismiss, filed Mar. 6, 2007, at 5 n.5).  However, in its moving papers, defendant attached no documentation or evidence to support this request.  The burden of proof in this inquiry lies with defendant ACMC.  Cal. Gov't Code § 946.4.  In its untimely filed reply brief, defendant attaches documentation from the Secretary of State regarding ACMC's listing on the California Roster of Public Agencies since 1998.  Plaintiff has been given no opportunity to challenge the authenticity or accuracy of these documents.  As such, the court will not consider defendant's untimely filed submissions.

However, even if the court were to consider this documentation, defendant's motion to dismiss would fail on other grounds.  Plaintiff also alleges in its First Amended Complaint that it provided notice of its claims to defendant ACMC on June 7, 2006, and October 3, 2006.  The California Supreme Court has held that "a plaintiff need not allege strict compliance with the statutory claim presentation requirement."  Bodde, 32 Cal. 4th at 1245.  The California Supreme Court has also acknowledged that "[c]ourts have long recognized that 'a claim that fails to substantially comply with [the CGCA], may still be considered a claim as presented if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved.'"  Id. (quoting Del Real v. City of Riverside, 95 Cal. App. 4th 761, 769

(2002)). Sunstone's allegations that it provided notice of its claim to ACMC under the CGCA in June and October 2006 sufficiently allege substantial compliance with the claim presentation requirement. To the extent that defendant disputes that such notice was sufficient, an inquiry into sufficiency would require the court to examine the merits of these factual allegations. This is beyond the purview of a motion to dismiss pursuant to Rule 12(b)(6).

Plaintiff's complaint alleges that Sunstone is excused from the claim presentation requirement of the CGCA because defendant ACMC failed to register with the Secretary of State. Plaintiff's complaint also alleges facts that give rise to the inference that Sunstone substantially complied with CGCA by providing ACMC with notice of its claims. These allegations are sufficient to withstand defendant's motion to dismiss on the basis that plaintiff failed to comply with the CGCA. As such, defendant's motion to dismiss on this ground is DENIED.

**B.   Failure to State a Claim**

Defendant also moves to dismiss plaintiff's First Amended Complaint on the grounds that it fails to state a claim against ACMC. Specifically, defendant contends that plaintiff's allegation that ACMC breached the Agreement by refusing to allow Sunstone to replace its terminated Program Manager with a "Temporary Program Director" does not support a claim for breach of contract. Defendant also contends that because plaintiff cannot state a claim for breach of contract, it cannot state a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff asserts that defendant's arguments require

10

the court to decide the factual merits of the case, which is inappropriate on a motion to dismiss. The court agrees.

Defendant's argument is based upon the premise that its termination of the Agreement was justified because Sunstone was in material breach of the contract. Plaintiff's claims are based upon the allegations that Sunstone was not in material breach, but that ACMC used the termination of the Program Manager as a pretext to unjustifiably rescind the contract. The central determination in both plaintiff's complaint and defendant's motion to dismiss is whether Sunstone, through its actions or inactions, materially breached the Agreement. "Whether a breach constitutes a failure of consideration sufficient to be deemed material and thus to warrant rescission of a contract is a question of fact . . . ." Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc., 822 F.2d 833, 840 (9th Cir. 1987) (citing Calabrese v. Rexall Drug & Chem. Co., 218 Cal. App. 2d 774 (1963); Bonadelle Constr. Co. v. Hernandez, 169 Cal. App. 2d 396 (1959) (substantial performance is a question to be determined case-by-case, based on the particular facts and circumstances)); see Whitney Inv. Co. v. Westview Dev. Co., 273 Cal. App. 2d 594, 601 (1969) ("Whether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact.").

On a motion to dismiss, taking plaintiffs allegations as true and drawing all reasonable inferences therefrom, the court cannot determine whether Sunstone materially breached the Agreement as a matter of law. Therefore, defendant's motion to

11

dismiss plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted is DENIED.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.

DATED: April 25, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE