Steven A. Browne (SBN 214444)
Steven.Browne@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
2222 6th St., Suite B
Santa Monica, California 90405
Telephone: (310) 804-6691
Facsimile: (310) 399-1508

Attorneys for Plaintiff Sunstone Behavioral Health, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSTONE BEHAVIORAL HEALTH, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER,<br><br>Defendant. | Case No. 2:06-CV-02664-FCD-DAD<br><br>Date: Jan. 4, 2010<br>Time: 2:00 p.m.<br><br>Judge: Hon. William B. Shubb<br>Ctrm: 5, 14th floor<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE; ENFORCEMENT OF JUDGMENT** |

Plaintiff Sunstone Behavioral Health, Inc. ("Sunstone") and Defendant Alameda County Medical Center's ("ACMC"), hereby stipulate as follows:

1. On June 24, 2009, following a trial to the Court, the Court entered a judgment in favor of Sunstone and against ACMC in the amount of $492,680.58. On August 20, 2009, the Court entered an order awarding costs in favor of Sunstone and against ACMC in the amount

of $354,001.38 (collectively, the June 24, 2009 judgment, and the August 20, 2009 order of costs shall be referred to as "the Judgment").

2.  ACMC filed a Notice of Appeal on July 23, 2009.

3.  Sunstone filed a Motion for a Writ of Mandate on November 24, 2009.  (Docket # 137.)

4.  ACMC filed a Motion for Stay of Judgment Pending Appeal on December 21, 2009.  (Docket # 138.)

5.  ACMC contends that it does not have sufficient resources to pay the Judgment during this fiscal year, ending June 30, 2010, and seeks a stay of judgment without posting a bond.  Sunstone disputes this contention, and seeks either the posting of a supersedeas bond, or a writ of mandate compelling ACMC to pay the Judgment.

6.  The parties wish to resolve their Motions under the terms set forth below.

Accordingly, the parties hereby STIPULATE, and the Court hereby ORDERS, as follows:

a.  ACMC shall include in its budget for the fiscal year ending June 30, 2011, a specific provision to provide funds in an amount sufficient to pay fifty percent (50%) of the Judgment, plus statutory interest, during that fiscal year.  If the Ninth Circuit does not reverse the Judgment with a mandate for entry of judgment in favor of ACMC on or before June 30, 2011, then ACMC shall also include in its budget for the fiscal year ending June 30, 2012, a specific provision to provide funds in an amount sufficient to pay the remaining balance of the Judgment, plus statutory interest, during that fiscal year.  ACMC shall serve upon Sunstone a

copy of its final budget for the fiscal years ending June 30, 2011, and June 30, 2012, within seven days of their respective approvals by ACMC's governing body.

  b. Starting on July 31, 2010, and continuing on the last day of every month thereafter, ACMC shall pay one-twenty-fourth (1/24) of the Judgment, plus statutory interest, into an interest-bearing escrow account held at a bank or third party escrow company as agreed upon by the Parties.

  c. If the Judgment is affirmed by the Ninth Circuit, then: (1) all funds, including accrued interest, being held in escrow shall be released to Sunstone; and (2) ACMC shall pay the remaining balance on the Judgment, plus statutory interest, within thirty days of the decision affirming the Judgment.

  d. If the Judgment is reversed with a mandate that judgment be entered in favor of ACMC, then all funds, including accrued interest, being held in escrow shall be released to ACMC, after time for filing a petition for re-hearing has expired without a petition being filed, but if Sunstone files a petition for re-hearing, then the funds shall remain in escrow pending outcome of the petition. If the Judgment is reversed with a mandate for a new trial on some or all of the issues, then the funds shall remain in escrow pending outcome of the new trial. If Sunstone obtains a judgment after a new trial, then all funds shall remain in escrow until exhaustion of all appeals by ACMC. If ACMC obtains judgment in its favor after a new trial, then all funds shall remain in escrow until exhaustion of all appeals by Sunstone.

//
//
//
//

    e.    The Judgment is otherwise STAYED pending appeal.

    f.    The parties' respective motions are otherwise withdrawn.

Submitted by:

Dated: January 27, 2010        WALLER LANSDEN DORTCH & DAVIS, LLP

By:  /s/ Steven A. Browne, Esq
     Steven A. Browne
     Attorneys for Plaintiff Sunstone Behavioral Health, Inc.

Dated: January 27, 2010        GOODMAN & ASSOCIATES

By:  /s/ Summer Haro, Esq. (as authorized on Jan. 27, 2010)
     Karen M. Goodman
     Summer Haro
     Attorneys for Defendant Alameda County Medical Center

IT IS SO ORDERED

Date: January 29, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE